UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TREMELL L. COLLINS-SMITH,<br>    Plaintiff, | :<br>: |
| | : PRISONER CASE NO. |
| v. | : 3:12-cv-1537 (JCH) |
| | : |
| EDWARD MALDONADO, et. al.,<br>    Defendants. | : NOVEMBER 13, 2012<br>: |

INITIAL REVIEW ORDER

The plaintiff, Tremell L. Collins-Smith, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Warden Edward Maldonado, Deputy Warden Don Cyr, Deputy Warden Mulligan, Captain Robert J. Knapp, Captain Jason Cahill, Dr. Mark Frayne and Correctional Officers Roach, Laughman, Hallmark, Bujiswick, Cieboter, Joe Smith, Supernaut, Nasitika, Cainville, Muscaro, Vose, Tryon, Schold, Schmidt, Pelkey, Conglos, Cotto, Titus, Hartley and Leone. All defendants are named in their individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon

which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff includes multiple allegations that, between May 13, 2012 and July 14, 2012, each of the defendants called him a snitch or made sexually derogatory remarks to him in the housing unit.  In response, he filed institutional grievances against the defendants.  Upon hearing the statements, other inmates questioned the plaintiff, but accepted his word that the statements were false.  The plaintiff asserts claims for defamation and verbal harassment.

There is no cause of action under section 1983 for defamation because the interest in one's reputation is not a right, privilege or immunity protected by the Constitution or laws of the United States.  See Paul v. Davis, 424 U.S. 693, 711-12 (1976).  In addition, verbal harassment alone does not give rise to a section 1983 claim.  Regardless how inappropriate, unprofessional or reprehensible the conduct may appear, verbal harassment without an allegation of an accompanying injury does not constitute an constitutional claim.  See Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).  Although the defendants verbally harassed the plaintiff, he did not suffer or allege "any appreciable injury."  Id.  The plaintiff's allegation of emotional distress

caused by the harassment is insufficient to constitute the required injury.  See Dawes v. Walker, 239 F.3d 489, 494 (2d Cir. 2001) (no Eighth Amendment violation where plaintiff could not show that correction officer's threats and spreading of rumors that plaintiff was a "rat" led other inmates to physically attack him and failed to allege a substantial risk of serious harm based on the statements), abrogated on other grounds by Swierkiewicz v. Sorema N.A., 534 U .S. 506 (2002).  Thus, the plaintiff fails to state any cognizable claims.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.  The plaintiff may pursue his defamation claims in state court.

(2)   The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 13th day of November.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge